[957 NYS2d 202]

In the Matter of MICHAEL S. KROME, an Attorney, Resignor.

Second Department, December 19, 2012

APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Stacey J. Sharpelletti* of counsel), for the Grievance Committee for the Tenth Judicial District.

*Meyer, Suozzi, English & Klein, P.C.*, New York City (*Richard F.X. Guay* of counsel), for resignor.

## OPINION OF THE COURT

Per Curiam.

Michael S. Krome has submitted an affidavit dated June 26, 2012, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Krome was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 27, 1991.

On January 13, 2012, in the United States District Court for the Southern District of Florida, Mr. Krome pleaded guilty to one count of conspiracy to commit securities fraud, wire fraud, and mail fraud, in violation of 18 USC § 371. The factual basis for Mr. Krome's plea was his knowing and willful participation in the creation of materially false and misleading documents, including an opinion letter, in order to facilitate the issuance of, and remove trading restrictions on, shares of stock in a corporation named CO2 Tech, Ltd. and have "free trading" shares of CO2 Tech, Ltd. stock issued for sale to the public.

Mr. Krome acknowledges that he would not be able to successfully defend himself on the merits against charges predicated upon the foregoing.

Mr. Krome avers that his resignation is freely and voluntarily rendered; that he is not being subjected to coercion or duress by anyone; and that he is fully aware of the implications of submitting same, including being barred by Judiciary Law § 90 and the Rules of the Appellate Division, Second Department, from seeking reinstatement for a period of at least seven years.

Finally, Mr. Krome avers that his resignation is submitted subject to any application which could be made by the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a) (a). He further acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him pursuant to Judiciary Law § 90 (6-a) (d), and specifically waives his opportunity to be heard in opposition thereto pursuant to Judiciary Law § 90 (6-a) (f).

The Grievance Committee recommends that the Court accept Mr. Krome's resignation from the bar and that his name be stricken from the roll of attorneys and counselors-at-law.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and effective immediately, Mr. Krome is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, SKELOS and COHEN, JJ., concur.

Ordered that the resignation of Michael S. Krome is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael S. Krome is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Michael S. Krome shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael S. Krome is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Michael S. Krome has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).